UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSICA CHANTEL SMITH                    CIVIL ACTION NO. 07-0429

versus                                    JUDGE HICKS

HOUSE OF RAEFORD FARMS                    MAGISTRATE JUDGE HORNSBY
OF LOUISIANA, L.L.C.

**REPORT AND RECOMMENDATION**

Jessica Smith filed suit in state court against her former employer, House of Raeford Farms, L.L.C., which removed the case. Plaintiff's state-court petition alleged that she was wrongfully terminated without cause, in violation of Defendant's own policies and procedures. Plaintiff's petition also included an allegation that Defendant's administrators were "wholly in violation of Petitioner's constitutional right to Procedural Due Process, in that she [Plaintiff] did not receive sufficient notice and a meaningful opportunity to be heard prior to the decision to terminate her." That language, although it did not specifically refer to a *federal* constitutional right as opposed to a *state* constitutional right, formed the basis of Defendant's notice of removal.

In a prior order, the undersigned noted that it cannot be determined from the face of the petition, but it appears to be likely that Defendant is not a government agency or body or otherwise a state actor for purposes of Section 1983 and constitutional law. Rather, it appears that Defendant is a private employer. If so, Plaintiff could not have a federal due process claim against Defendant. Jackson v. Metropolitan Edison Co., 95 S.Ct. 449, 453 (1974) ("[T]he principle that private action is immune from the restrictions of the Fourteenth

Amendment is well established"); Crawford in Interest of Crawford v. Exxon Corp., 851 F.Supp. 242 (M.D. La. 1994) (rejecting due process claim against private company).

After making those observations, the undersigned permitted Plaintiff until April 23, 2007 to file a voluntary motion to dismiss any federal claims that she may have asserted in her petition. The order that set the deadline stated that if that motion were filed and granted, the case would then likely be remanded pursuant to 28 U.S.C. § 1367(c)(3). That is because the general rule is that the court should decline to exercise supplemental jurisdiction over state law claims if the federal claims have been resolved. Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995).[1]

Plaintiff filed a timely Motion to Dismiss (Doc. 8) all federal claims without prejudice. The Clerk issued a notice that permitted Defendant fifteen days to file written opposition. That time has passed, and Defendant has filed nothing. Plaintiff should be permitted to voluntarily dismiss any federal claims that might be discerned from her petition. The court should then decline to exercise any supplemental jurisdiction that it might have and remand the remainder of the case (which consists solely of state law claims) to state court.

---

[1] Defendant was ordered to, if Plaintiff did not move to voluntarily dismiss any federal claims by the deadline, fully brief the jurisdiction issue and file a motion for summary judgment with respect to any federal claims presented in the petition. The order explained that if the court were to find that it had jurisdiction and then granted summary judgment as to all federal claims, the remainder of the case would likely be remanded pursuant to Section 1367(c)(3).

Accordingly,

IT IS RECOMMENDED that the Motion to Dismiss (Doc. 8) be granted as follows: all federal claims against House of Raeford Farms of Louisiana, L.L.C. are **dismissed without prejudice.**

IT IS FURTHER RECOMMENDED that the court **decline** to exercise supplemental jurisdiction over the remaining state law claims and **remand** this case to the Second Judicial District Court, Bienville Parish, Louisiana pursuant to 28 U.S.C. § 1367(c)(3).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of May, 2007.

                                              MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE